THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MAX BARNETT, PLAINTIFF IN ERROR.

Submitted January 30, 1932—Decided May 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the state, *Louis A. Repetto,* prosecutor of the pleas.

For the plaintiff in error, *Cole & Cole.*

The opinion of the court was delivered by

CASE, J. The plaintiff in error, hereinafter referred to as the defendant, was indicted, tried and convicted in the Atlantic County Court of Quarter Sessions for the violation of section 196 of the Crime act. *2 Comp. Stat., p.* 1802. That statute provides:

"Any person who shall knowingly and willfully forge or counterfeit, or cause or procure to be forged or counterfeited, upon any goods, wares or merchandise, the private stamps or labels of any mechanic or manufacturer, with intent to defraud the purchasers or manufacturers of any goods, wares or merchandise whatsoever, or who shall vend any goods, wares or merchandise, having thereon any forged or counterfeited stamps or labels, purporting to be the stamps or labels of any mechanic or manufacturer, knowing the same to be

forged or counterfeited, without disclosing the fact to the purchaser, shall be guilty of a misdemeanor."

The indictment contained two counts, each of which followed closely the pertinent words of the statute. The first count charged the act of forging and counterfeiting, upon certain wares and merchandise, the private stamp and label of Parke, Davis and Company, and the second charged the vending of the wares bearing such forged and counterfeited stamp and label. The verdict found the defendant guilty on both counts. The defendant assigns fourteen alleged errors, the first nine of which need not be considered for the reason that the assignments, having to do with the admission or striking of evidence, ought to, and do not, point out the precise evidence which was erroneously admitted or which the court erroneously refused to strike. *State* v. *Herron,* 77 *N. J. L.* 523, 525; *State* v. *Blaine,* 104 *Id.* 325.

The next four assignments all focus on the proposition that there was no evidence to justify a conviction under either count of the indictment and are grounded in the court's refusal to direct a verdict or to charge in language equivalent to a direction.

It is without contradiction that the defendant's place of business is and was at Atlantic City; that he went to New York and there procured the printing of counterfeited reproductions of labels, cartons and descriptive "insert" bearing the name of Parke, Davis and Company and used by the latter concern in the marketing of certain pills sold under the name of "Alophen." The printing of the counterfeited matter was procured by, done for and delivered to the defendant in the city of New York; and if the crime first defined in the statute were limited to these acts, the proof would, as the defendant asserts it does, fail to justify a conviction in the State of New Jersey. But we construe the statute otherwise. The statutory language is: "Any person who shall knowingly and willfully forge or counterfeit or cause or procure to be forged or counterfeited, *upon any goods, wares or merchandise,* the private stamps or labels * * *."

Assuming the defendant's argument to be sound, the words "upon any goods, wares or merchandise," become meaningless, are surplusage and must be disregarded. Not only do the general rules of construction frown upon a needless invalidating of any part of the statute, but the very framework of the sentence is persuasive of trenchant significance. It is not merely the counterfeiting of a label that constitutes the crime, but counterfeiting "upon the goods." We are brought to the conclusion that the act of knowingly, and with the necessary fraudulent intent, combining goods and forged label in such fashion as to constitute a counterfeit product is made a crime by the statute, and that if there be evidence of such an act then the defendant's motions toward a direction on the first count were properly denied.

The criminal knowledge and intent of the defendant is too fully in evidence to require discussion. The defendant conducted a wholesale drug business in Atlantic City. The counterfeit printed matter was delivered to him at various places in New York city, one such being near the entrance to the Holland tunnel. The cartons, labels and literature were next seen on the shelves of defendant's establishment in Atlantic City and in defendant's presence. They were then in merchandise form, made up and ready for the market. The labels were on bottles which contained pills. Each bottle, with one of the printed circulars, was in a small carton and the individual packages were packed in quantities in a larger carton; and of the larger, packed cartons there was a considerable number. The packages and labels were the counterfeited reproductions of the Parke, Davis and Company product, but the pills contained therein were not made by that company. The defendant, at his place of business, where the packages were, said: "There is merchandise, only I am afraid to sell it; I am going to get Louis, my brother-in-law, to sell it for me;" and he proceeded to open up one of the packages, displayed the contents and remarked: "It is a nice job; it will go through O. K." Some of these falsely labeled goods were later actually sold by Louis Edelstein,

brother-in-law of the defendant, in Atlantic City. Edelstein, called as a witness for the state, testified that he had purchased the pills from "J. & D. Export Company," of Boston, and displayed a letter bearing that letterhead. It was otherwise proven, however, and without contradiction, that the defendant had had this stationery printed in New York through the instrumentality that had served him with the remaining false matter and that in so doing he stated that he had selected the name J. & D. Export Company "to cover his sales." The defense offered no testimony.

We think that there was evidence, not illegitimate because circumstantial, sufficient to go to the jury upon the first count and to support the verdict of guilty thereon. The proof in support of the second count is ample. Consequently, we find no error in assignments numbered ten to thirteen inclusive.

The final error alleged is that the court charged the jury as follows:

"You members of the jury will not be influenced by the argument of counsel respecting the law, whether or not this crime was committed in New York or New Jersey, because the court has taken the responsibility of determining that argument by refusing to direct a verdict in favor of the defendant, and presenting the—permitting the case to go to you members of the jury on the question of whether or not the state had satisfied you beyond a reasonable doubt of the guilt of the defendant as charged in this indictment."

This quite clearly was a direction that the jury was not to be influenced by the argument, *pro* and *con,* made on the motion, which the court had decided, for a direction of verdict. The defendant had the benefit of an exception to the court's disposition of the motion. The arguments thereon were, of course, not for the jury. The instruction was proper.

The judgment will be affirmed.